■ MARCH TOYS, INC., Respondent, v SAL CAIOLA, Appellant. — Order of the Supreme Court, Kings County (Monteleone, J.), entered April 2, 1982 which was transferred by order dated June 17, 1982, unanimously reversed, on the law and the facts, and plaintiff's motion for a temporary injunction denied, with costs. Defendant, the landlord of premises 1480 First Avenue, New York City, leased a portion thereof to Joseph Weiss, doing business as J.W. Woodworking for a 10-year term commencing February 1, 1979 and ending January 31, 1989. The lease provided that it could be assigned with the written consent of the landlord. On June 22, 1981 plaintiff assigned the lease to Mark Lorenzo, Inc. (Lorenzo) with the landlord's written consent. The assignment provided that no further assignment or sublet was permitted without the written consent of defendant and Weiss. It also provided that the use of the premises was changed from sale of furniture to sale of toys, games and the like. On September 25, 1981 the building department issued a violation against the premises upon the ground that they were being used as an amusement arcade in violation of the zoning resolution. Notice thereof was served upon defendant and plaintiff. On September 28, 1981 defendant served a 10-day notice to cure on Lorenzo. In October and again in November, the rent for the premises was paid with the check of plaintiff. The October check contained a notation in the left-hand lower corner "for Mark Lorenzo Inc." The November check contained the notation "J.W. Woodworking/March Toys Inc." Both checks were drawn to the order of Bettina Equities, Inc., the managing agent for the properties. Lorenzo failed to cure within the period specified in the notice and defendant brought a dispossess proceeding against him. Plaintiff was not named as a party in that proceeding which resulted in a final order of eviction. Thereafter,

and during the pendency of Lorenzo's appeal to the Appellate Term, plaintiff brought this action for a permanent injunction in Kings County to prohibit defendant from evicting plaintiff from the premises, to restrain defendant from carrying out eviction proceedings against it in the absence of a proceeding to which it is a party and declaring that its occupancy of the premises is valid. Plaintiff moved for an injunction *pendente lite*. Special Term granted the application and defendant appeals. By order of the Appellate Division, Second Department, the appeal was transferred to this department. Parenthetically, it should be noted that the Appellate Term has since affirmed the determination of the Civil Court granting defendant a judgment of eviction against Lorenzo. Although the complaint alleges that Lorenzo, on July 1, 1981, assigned the lease to plaintiff with the consent of defendant and that defendant accepted rent from plaintiff under conditions constituting an attornment our attention is directed to nothing other than the two checks hitherto referred to to sustain the claim. These checks do no more than indicate that they were proffered on behalf of someone else. The one place where plaintiff's name is mentioned is in connection with that of J.W. Woodworking. Thus, there is no basis for holding, absent affirmative proof of an assignment of the lease to plaintiff with the consent of defendant, that defendant accepted plaintiff as the tenant in the premises. Nor would the result be more favorable to plaintiff if we assumed that it is a subsidiary of Lorenzo (as, in all probability, is the case). In that event it would have no greater right to possession than Lorenzo, whose rights have already been terminated by the warrant of eviction. Thus, whether plaintiff be an interloper or trespasser or a subsidiary of Lorenzo it is without power to enjoin defendant from enforcing his rights. Concur — Carro, J. P., Asch, Bloom, Milonas and Alexander, JJ.